IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEREMY BRENT L.,**[1] | 6:20-cv-00452-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| Commissioner, Social Security Administration, | |
| Defendant. | |

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JUSTIN LANE MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3735

          Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Jeremy Brent L. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on January 17, 2017, and alleged a disability onset date of July 15, 2004. Tr. 205.[2] His application was denied initially and on reconsideration. Administrative Law Judge (ALJ) John Sullivan held a hearing on November 26, 2018. Tr. 62-89. Plaintiff and a vocational expert

---

[2] Citations to the official transcript of record filed by the Commissioner on July 22, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

(VE) testified at the hearing, and Plaintiff was represented by an attorney.

On January 11, 2019, ALJ Sullivan issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 13-25. On January 17, 2020, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on November 26, 1971, and was 47 years old at the time of the hearing. Tr. 205. Plaintiff has a high-school education. Tr. 24. The ALJ found Plaintiff does not have any past relevant work experience. Tr. 24.

Plaintiff alleges disability due to gout, fibromyalgia, spondyoarthritis, "left knee, lower back, [and] depression." Tr. 114.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16, 21-24.

## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

    The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

    The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving

4 - OPINION AND ORDER

ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commis-

5 - OPINION AND ORDER

sioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

6 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 4, 2017, application date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease, "osteoarthritis (right hip and left shoulder)," and depression.  Tr. 15.  The ALJ found Plaintiff's impairments of carpal-tunnel syndrome, gout,

7 - OPINION AND ORDER

"(status- post) Ulnar Nerve Decompression," knee sprain/ arthritis, and "status-post remote partial left finger amputation" are nonsevere and Plaintiff's fibromyalgia is "not [a] medically determinable" impairment. Tr. 16.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform light work with the following limitations:

> No more than occasional overhead reaching. Avoid ladders, ropes, and scaffolding. No crawling. Understanding, remembering, and carrying out instructions should be limited to simple, routine tasks. Using judgement is limited to simple workrelated decisions. Ability to respond appropriately to supervisors, coworkers, and the general public is limited to occasionally. Ability to deal with changes in the workplace is limited to simple work-related decisions.

Tr. 19.

At Step Four the ALJ found Plaintiff does not have any past relevant work. Tr. 24.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 24. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

On January 25, 2013, Plaintiff filed an application for SSI alleging an onset date of January 15, 2010. Tr. 93. On April 9, 2015, ALJ John Michaelson issued a decision in which he found

8 - OPINION AND ORDER

Plaintiff was not disabled.  At some point that decision became the final decision of the Commissioner as to Plaintiff's January 25, 2013, application for SSI when the Appeals Council denied Plaintiff's request for review.  *See* 20 C.F.R. § 404.984(d).

In his January 11, 2019, decision at issue here ALJ John Sullivan gave *res judicata* effect to some of ALJ Michaelson's findings pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).

**I.  The ALJ erred when he did not give *res judicata* effect to ALJ John Michaelson's findings regarding Plaintiff's limitations in occasional reaching, but the error was harmless.**

Plaintiff contends the ALJ erred when he "failed to include or [to] reject a limitation offered in the prior unfavorable decision."

In *Chavez* the Ninth Circuit held "[t]he principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."  844 F.2d at 691 (citation omitted).  An earlier final decision that a claimant is not disabled creates a presumption in Social Security cases that the claimant continues to be able to work after the decision.  *Id.*  When adjudicating a subsequent claim, the ALJ must apply the presumption of continuing nondisability and determine the claimant is not

9 - OPINION AND ORDER

disabled unless the claimant rebuts the existing presumption as to the already-adjudicated period. A claimant may rebut the presumption by showing a "changed circumstance" that affects the issue of disability such as an increase in the severity of the claimant's impairments, the existence of an impairment not considered in the previous application, or a change in the claimant's age category. Acquiescence Ruling (AR) 97-49(9) (Dec. 3, 1997), 1997 WL 742758, at *3. "Adjudicators must adopt such . . . finding[s] from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id.*

In his assessment of Plaintiff's RFC ALJ Sullivan found Plaintiff was capable of "no more than occasional overhead reaching." Tr. 19. ALJ Michaelson, however, found in his assessment of Plaintiff's RFC that Plaintiff "was capable of occasional overhead reach bilaterally, and no more than occasional reach otherwise with the left extremity." Tr. 97. Plaintiff asserts ALJ Sullivan erred when he did not give *res judicata* effect to ALJ Michaelson's finding that Plaintiff was also limited to "no more than occasional reach otherwise with the left extremity." Plaintiff also asserts ALJ Sullivan did not

explain his decision not to include the "occasional reach otherwise" limitation in his evaluation of Plaintiff's RFC.

The Commissioner asserts ALJ Sullivan did not err when he declined to give *res judicata* effect to all of ALJ Michaelson's reaching limitations because "the record contained new and material evidence, including treatment records, function reports, and medical opinions documenting improved functioning." Def.'s Br. at 3. The Commissioner points out that the record reflects various treating medical professionals reported Plaintiff "demonstrated normal examinations of the left shoulder," that Plaintiff engaged in some "farm and ranch work," and that "none of the medical opinions included the left arm reaching limitations." Def.'s Br. at 4 (citing Tr. 120, 133, 248, 249, 314, 316, 320, 332, 334, 338, 360, 381, 402, 570, 624). As Plaintiff notes in his Reply, however, ALJ Sullivan did not cite any of these reasons when he considered whether to give *res judicata* effect to ALJ Michaelson's evaluation of Plaintiff's reaching limitations. ALJ Sullivan's opinion contains the following discussion of ALJ Michaelson's evaluation of Plaintiff's reaching limitations:

> According to the prior ALJ, the claimant could still perform light exertion with only partial loss of reaching abilities, and also had a largely intact capacity for of unskilled tasks. In this Circuit, there is essentially a mandatory, rebuttable presumption that the claimant still has these abilities. This presumption has been rebutted in part. For example, the above-

11 - OPINION AND ORDER

> referenced diagnostic and clinical evidence regarding arthritis supports *further* postural limitations, with particular emphasis on the nature and frequency of the pain signs and range of motion deficits in the clinical record. However, the *remaining portions of the prior ALJ's RFC remain generally persuasive*, particularly regarding the stand/walk finding, and the finding about largely intact manipulative, unskilled, and other postural abilities.

Tr. 22 (emphasis added). ALJ Sullivan, therefore, found the record supported additional and/or more restrictive postural limitations than those found by ALJ Michaelson but that the "remaining portions" of ALJ Michaelson's decision were "generally persuasive." As noted, however, ALJ Sullivan's opinion does not include any reasons for not adopting ALJ Michaelson's finding as to Plaintiff's reaching limitations. For example, ALJ Sullivan gave "significant (but not great) weight to the State agency opinion evidence." Tr. 22. Although ALJ Sullivan noted the record supported "further climbing and crawling-related problems" than those found by the reviewing medical professionals, ALJ Sullivan did not identify any medical professional opinion to support his decision not to give *res judicata* effect to Plaintiff's reaching limitations as found by ALJ Michaelson.

The Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation and quotation omitted). The Court, therefore, rejects the Commissioner's *post hoc* argument in support of the ALJ's decision

12 - OPINION AND ORDER

not to give *res judicata* effect to Plaintiff's reaching limitations as found by ALJ Michaelson.  Accordingly, the Court concludes the ALJ erred when he did not give *res judicata* effect to all of Plaintiff's reaching limitations as found by ALJ Michaelson.

The Court, however, concludes the error was harmless because in his hypothetical to the VE the ALJ asked the VE to

> assume an individual with the same age, education, and work experience as the claimant who is limited to light work, and who *is further limited to no more than occasional overhead reaching bilaterally, no more than occasional reaching on the left otherwise*. Please also assume that this individual will be limited to simple, repetitive, routine tasks.

Tr. 56 (emphasis added).  The VE testified such an individual could perform the jobs of telephone solicitor, gate guard, and guard security.  The VE specifically noted the Dictionary of Occupational Titles

> indicates that frequent reaching is required to perform th[ese] job[s], which of course is beyond the hypothetical.  But my experience is to the contrary.  They've done labor market survey context in performing onsite job analyses and observing th[ese] job[s], and talking to people who do the job[s], I would characterize the reaching as in the occasional range.  And therefore, I believe [them] to be within the hypothetical.

Tr. 56-57.  Thus, even if ALJ Sullivan had given *res judicata* effect to all of Plaintiff's reaching limitations as found by ALJ Michaelson, the record reflects there are still jobs in the

13 - OPINION AND ORDER

national economy Plaintiff could perform.  The Court, therefore, concludes ALJ Sullivan's error was harmless.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of February, 2021.

/s/ Anna J. Brown

---

ANNA J. BROWN
United States Senior District Judge

14 - OPINION AND ORDER